**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION**

2020 FEB 24  A 9: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |
|---|---|
| Marcus Adair, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 2:20 - CV- 125 - MHT |
| G.L.A. Collection Company, Inc., a Kentucky corporation, | ) ) ) |
| Defendant. | ) Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Marcus Adair, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.    Plaintiff, Marcus Adair ("Adair"), is a citizen of the State of Alabama, residing in the Middle District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed to NES Tennessee Inc..

4.    Defendant G.L.A. Collection Company, Inc. ("GLA"), is a Kentucky

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because
it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted
consumer debts. Defendant GLA operates a nationwide debt collection business and
attempts to collect debts from consumers in virtually every state, including consumers in
the State of Alabama. In fact, Defendant GLA was acting as a debt collector as to the
defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant GLA is not authorized to conduct business in the State of
Alabama. However, Defendant conducts extensive business in Alabama.

## FACTUAL ALLEGATIONS

6.      Mr. Adair fell behind on paying his bills, including a debt he allegedly owed
to NES Tennessee for medical services. Sometime after this debt went into default, it
was placed with Defendant GLA for collection. While attempting to collect this debt from
Mr. Adair, Defendant GLA sent him a form collection letter, dated July 19, 2019. This
letter stated:

* * *

The balance due as of the date of this letter is stated above. Due to
interest, late charges and other charges that may vary from day to day,
the amount due on the day you pay may be greater. For further
information, please contact our office.

* * *

A copy of this collection letter is attached as Exhibit A.

7.      The above language is a variant of a safe harbor letter created by the
Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214
F.3d 872, 876 (7th Cir. 2000), for mortgage debts where interest, late charges and other
charges are continuing to accrue on an account. To include it in collection letters

2

involving other debts, where such charges are not accruing, violates the FDCPA. Boucher v. Finance System of Green Bay, 880 F.3d 362, 367-368 (7th Cir. 2018).

8.     In fact, Mr. Adair's account was not increasing, due to additional interest or charges.

9.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012), and Boucher, 880 F.3d at 368. Here, Defendant's actions would cause a consumer to be confused as to whether he was subject to additional interest/charges, when he was not, in fact, subject to them. This would directly impact his decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision. Defendant's collection actions alarmed and confused Mr. Adair.

10.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

11.    Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); and LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

12.    Plaintiff adopts and realleges ¶¶ 1-11.

13.    Section 1692e of the FDCPA prohibits a debt collector from using any

3

false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

14.    By sending a collection letter threatening to impose additional interest, late charges and other charges, when none were, in fact, accruing, Defendant used false, deceptive or misleading means to collect or attempt to collect a debt, in violation § 1692e of the FDCPA.

15.    Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16.    Plaintiff adopts and realleges ¶¶ 1-11.

17.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18.    Defendant, by threatening to impose additional "interest, late charges, and other charges", when none were, in fact, accruing, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

19.    Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

20.   Plaintiff, Marcus Adair, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendant attempted to collect a defaulted consumer debt, allegedly owed to NES Tennessee, via the same form collection letter (Exhibit A), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

21.   Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff Adair, in their attempts to collect defaulted consumer debts from other consumers.

22.   The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Adair.

23.   Plaintiff Adair's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25. Plaintiff Adair will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Adair has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Marcus Adair, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Adair as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Adair and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marcus Adair, individually and on behalf of all others similarly situated,

6

demands trial by jury.

Marcus Adair, individually and on behalf
of all others similarly situated,

By: _____
One of Plaintiff's Attorneys

By: _____
One of Plaintiff's Attorneys

Dated: February 24, 2020

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

David J. Philipps      (Ill. Bar No. 06196285)(Pro hac vice to be sought)
Mary E. Philipps      (Ill. Bar No. 06197113)(Pro hac vice to be sought)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com